■ In the Matter of the Claim of FRANCES WITHERS, Respondent, v. CENTURY FEDERAL SAVINGS & LOAN ASSOCIATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Claimant's husband sustained an industrial accident on November 8, 1956 from which he died on April 22, 1957. A decision of the board dated May 13, 1958 included an award to the widow of deceased for the period of his disability and one to her and a minor child for death benefits accruing thereafter. The case was continued pending the outcome of a third-party action for alleged malpractice which the widow, as administratrix of her deceased husband's estate, had commenced in the Supreme Court to recover damages for conscious pain and suffering and his alleged wrongful death. This action was thereafter settled before trial with the consent of the carrier for the aggregate sum of $24,000 of which $20,000 was allocated to the cause of action for conscious pain and suffering and the balance of $4,000 to the cause of action for wrongful death. According to the actuary's report furnished in response to the request of the board, which is not challenged, there were expended from the combined settlement the sum of $8,000 for attorney's fees and the sum of $6,000 which was paid to the carrier in compromise of its lien of $12,700 for amounts paid under the compensation awards. The infant's share in the recovery in the action for wrongful death

was computed to be $2,406.84 and the widow's shares in both recoveries determined to be the sum of $7,593.16 of which $259.83 represented her share in the settlement proceeds of the action for wrongful death. The actuary further reported that "With respect to the child born November 2, 1945, a net third party recovery of $2,406.84 by this child exceeds the amount of compensation due under the Workmen's Compensation Law. Accordingly, no liability for compensation benefits exists in the case of this child." In a decision dated January 27, 1964 the Referee, acting upon the actuary's report, found that the third-party recovery of $2,406.84 extinguished the carrier's liability to the infant and further that the widow's share of the recovery in the action for wrongful death entitled the carrier to suspend payments of compensation benefits to her to the extent of $259.83 but, in effect, denied credit to it against all future compensation payments for the sum which she received from the proceeds of the settlement. Upon review the board affirmed the Referee's decision and this appeal followed, the carrier contending that its consent to the compromise of the third-party action was granted upon the understanding that it would receive a credit of $10,000 against future payments of compensation to the widow. The third-party action was settled in open court upon the stipulation of the parties. It is obvious that all concerned understood that the credit against any deficiency compensation due the widow must come, in large part, from the proceeds of the settlement of the cause of action for conscious pain and suffering since the allocation of the total settlement had been previously announced by plaintiff's counsel and, of course, the specified deductions for attorney's fees and the payment of the carrier's lien greatly exceeded the sum of $4,000 allocated to the action for wrongful death. There appears from this record no reason why the adult parties represented by experienced counsel could not competently and intelligently agree to a disposition of the over-all settlement fund to the extent of their interests therein and at the same time agree upon an allocation of the aggregate recovery as between the two causes of action. These conclusions are subject, however, in this case at least, to two provisos, first, that the parties could not, nor did they, stipulate to prejudice the infant's right to benefits since his allotted share of the proceeds, fixed by the court, exceeded the amount of compensation due him under the statute and, second, that the widow, acting as administratrix or otherwise, did not intend to and did not stipulate that she would forego compensation payments to an aggregate amount greatly in excess of the amount received by her on the settlement, which would be the result were the carrier to have credit for $10,000 as against future awards to her since her share in the recoveries on both causes of action was but $7,593.16. To the contrary, her agreement was predicated upon her expressed understanding that she would receive, and, therefore, permit to be credited to the carrier, not $10,000 but $10,000 "with reservation for an amount to be reserved for my minor son" or, as she again expressed it, "Ten Thousand Dollars with a reserve fund out of that ten for my minor son." The so-called "reserve fund", or $2,406.84, exceeded the amount of the compensation to become due her son and for that amount, which the record does not specify, the carrier has received credit. It follows that the carrier should have had a credit of $7,593.16 as against future payments to the widow. Decision reversed and case remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Staley, Jr., JJ., concur.